UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GREGORY SHARKEY, JR.,<br><br>               Petitioner,<br><br>   v.<br><br>DONALD HOLBROOK,<br><br>               Respondent. | NO: 2:16-CV-0104-TOR<br><br>ORDER DENYING WRIT OF HABEAS CORPUS |

BEFORE THE COURT is Petitioner Gregory Sharkey, Jr.'s Petition for Writ of Habeas Corpus (ECF No. 4). Respondent Donald Holbrook has answered the petition and filed relevant portions of the state court record. ECF Nos. 11-13. Petitioner appears *pro se* and Respondent is represented by Annie L. Yu, Assistant Attorney General. The Court has reviewed the entire record, the parties' completed briefing, and is fully informed. For the reasons discussed below, the Court denies the Petition for Writ of Habeas Corpus.

# BACKGROUND

Petitioner is in custody at the Washington State Penitentiary at Walla Walla serving a sentence imposed by the Clark County Superior Court for conspiracy to commit first degree robbery, attempted first degree robbery, and ten counts of first degree assault.[1] The underlying facts and procedural history, summarized by the Washington Court of Appeals on direct appeal, are as follows:

> Because of the evidence sufficiency challenges, we relate the facts in a manner most favorable to the State. On the evening of December 22, 2009, Mr. Sharkey was walking down a Spokane street with Tony Dawson, Margaret Shults, Dominic Shaver, and Danniela Shaver. Someone in a nearby house pointed a laser at them. Ten people were in the house. An argument broke out between the groups. Evidence showed Mr. Dawson and Mr. Sharkey shot at the house. Mr. Sharkey used a .38 caliber revolver and Mr. Dawson used a .45 caliber handgun. Bullets passed through the house, and the people inside fled on foot. Charles Everett was shot in his side, but survived.
>
> Early on December 23, 2009, Mr. Sharkey was walking along a street with Mr. Dawson and Ms. Shults while planning to steal a getaway vehicle. Mr. Sharkey was still carrying the .38 and Mr. Dawson was still carrying the .45. Jamie Cartwright was leaving her house for work when she noticed someone down the street pacing back and forth. She went inside and then returned to her vehicle. When Ms. Cartwright climbed in her vehicle, she noticed the person

---

[1] Petitioner was also convicted of taking a motor vehicle without permission in the second degree, before the Superior Court of Washington in Spokane County, case number 09-1-04680-9, *see* ECF No. 13 at Exhibit 2, but that conviction was reversed on direct appeal. *Id.* at Exhibit 8.

down the street was now closer to her. As she began to leave, a different person, Mr. Dawson, broke the driver window with a gun and tried to pull her out of the vehicle. Ms. Cartwright fled in her vehicle. Later, Ms. Shults stole a different vehicle; Mr. Sharkey and Mr. Dawson were then present. Ms. Shults drove, Mr. Sharkey was the front passenger, and Mr. Dawson was a rear passenger. Officer Kristopher Honaker tried to stop the vehicle, but Mr. Dawson shot at and hit Officer Honaker's vehicle. The group escaped in the vehicle.

Police arrested Mr. Sharkey on December 25, 2009. At the police station, Detective Timothy Madsen took statements from Mr. Sharkey admitted by the court and more fully recounted in our analysis of the CrR 3.5 arguments.

The State charged Mr. Sharkey as a principal or accomplice to 10 counts of attempted first degree murder or, alternatively, 10 counts of first degree assault. The State charged Mr. Sharkey as a principal or accomplice to first degree robbery, attempted first degree robbery, and conspiracy to commit first degree robbery. The State did not charge Mr. Sharkey with second degree TMV.

At a bench trial, the superior court acquitted Mr. Sharkey of the 10 counts of attempted first degree murder, but found him guilty of 10 first degree assaults. The court acquitted him of first degree robbery, but found him guilty of second degree TMV as a lesser included offense. Finally, the court found Mr. Sharkey guilty of attempted first degree robbery and conspiracy to commit first degree robbery. Mr. Sharkey moved unsuccessfully to arrest the judgment or for a new trial. The court then issued three separate findings of fact and conclusions of law.

The superior court sentenced Mr. Sharkey to 2,215 consecutive months of incarceration for the 10 assaults, to run concurrently with 22 months of incarceration for TMV, and no incarceration for the attempted robbery and conspiracy. Mr. Sharkey was previously convicted of first degree robbery in early 2007, a fact the court considered when imposing each sentence. The court calculated Mr. Sharkey's offender score as seven for the first assault, zero for the other nine assaults, and nine plus for each of the other three crimes. Defense counsel did not argue Mr. Sharkey's current convictions for

attempted first degree robbery and conspiracy to commit first degree
robbery were the same criminal conduct for purposes of calculating
his offender score.

Mr. Sharkey appealed.

*See State v. Sharkey*, 172 Wash. App. 386, 388-89 (2012); ECF No. 13, Exhibit 8
at 2-4.

The Washington Court of Appeals reversed in part and affirmed in part
Petitioner's sentence on December 11, 2012. *See id*.

Petitioner then moved for discretionary review in the Washington Supreme
Court. ECF No. 13 at Exhibit 9. On May 1, 2013, the Washington Supreme Court
denied review. *Id.* at Exhibit 10. On May 6, 2013, the Washington Court of
Appeals issued its mandate to the Superior Court for further proceedings. *Id.* at
Exhibit 11.

On April 15, 2015, Petitioner claims that he filed a Personal Restraint
Petition ("PRP") with the Washington Court of Appeals, which was rejected. ECF
No. 4 at 3. On June 12, 2014, Petitioner filed two new PRPs with the Washington
Court of Appeals, which were later consolidated. *See* ECF No. 13 at Exhibit 12-
13. The Washington Court of Appeals dismissed the consolidated PRP on July 8,
2015. *Id.* at Exhibit 16. Petitioner then moved the Washington Supreme Court for
discretionary review on August 4, 2015, *see id.* at Exhibit 17, which was denied on

December 23, 2015, *see id.* at Exhibit 18. The Washington Court of Appeals issued a Certificate of Finality on May 17, 2016. *Id.* at Exhibit 19.

Petitioner filed this federal 28 U.S.C. § 2254 habeas petition on April 4, 2016, generally alleging three grounds for relief: (1) insufficient evidence; (2) prosecutorial misconduct; and (3) ineffective assistance of counsel. *See* ECF No. 4 at 5-9.

Within his stated grounds for relief, Petitioner makes eight specific claims.[2] As to insufficiency of the evidence, Petitioner questions (1) "Whether evidence that petitioner intended to inflict Great Bodily harm is sufficient." *Id.* at 5.

As to prosecutorial misconduct, Petitioner claims (2) the Prosecution "Denied me the right to confront My accuser, Zachary Davis whos roommate/and victim Mr Everret testified that the detective come to their home and told them there were two different caliber bullets pulled from his home. (Blatant Lie)[.]" *Id.* at 7. (3) The Prosecution "Bought & paid for testimony of star witness Shults twice by giving her a deal on this case as well as the case she caught when released on this case." *Id.* (4) "Prosecutor withheld new statements & interviews from Defense. Upon public Disclosure request All interviews (<u>on file</u>) of victims say

[2] To accurately reflect Petitioner's claims, Petitioner's own language is used.

there was one shooter a white male the black male never approached or shot at them." *Id.*

As to ineffective assistance of counsel, Petitioner claims (5) "Defense failed to request a dismissal when two of 10 victims changed story on the day of trial accusing Sharkey. and testifying 'I did not see sharkey with a gun but the detective said he was shooting at us.'" *Id.* at 8. (6) Defense Counsel "Failed to ask for a lesser included sentence the same as the principal or primary suspect Mr Dawson." *Id.* (7) Defense Counsel "also did not present the evidence his investigators turned in to him that greatly benefited the defense Of Sharkey." *Id.* (8) "When the State argued Mr Sharkey committed a greater offense than Dawson, (who admitted to firing the only gun fired and hitting victim Mr. Everret) simply by being present Defense Counsel did not argue or object to anything." *Id.* at 9.

Respondent contends that Petitioner failed to properly present and exhaust claims 2, 3, 5, 6, and 8. ECF No. 11 at 16. Respondent concedes that claims 1, 4, and 7 were exhausted under 28 U.S.C § 2254(c) because Petitioner fairly presented them to the Washington State Supreme Court.

However, Respondent contends Petitioner failed to show that the state court decision was contrary to or was an objectively unreasonable application of clearly established Supreme Court precedent, or that the decision was an unreasonable determination of the facts in light of the evidence and thus, relief should be denied.

Petitioner avers that he has exhausted his state court remedies. ECF No. 4 at 6-9.

Respondent contends an evidentiary hearing is unnecessary for the issues raised, ECF No. 11 at 10-11, and does not concede Petitioner has properly exhausted his state remedies on many of his claims. *Id*. at 10.

## DISCUSSION

### 1.    Legal Standard

A court will not grant a petition for a writ of habeas corpus with respect to any claim that was adjudicated on the merits in state court proceedings unless the petitioner can show that the adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Section 2254(d) sets forth a "highly deferential standard for evaluating state-court rulings which demands that the state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam) (citation omitted).

A rule is "clearly established Federal law" within the meaning of section 2254(d) only if it is based on "the holdings, as opposed to the dicta, of [the Supreme Court's] decisions." *White v. Woodall*, 134 S.Ct. 1697, 1702 (2014)

(quoting *Howes v. Fields*, 565 U.S. 499, 505 (2012)). "A state-court decision is 'contrary to' the clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent.'" *Early v. Packer*, 537 U.S. 3, 8 (2002) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). The state court need not cite to the controlling Supreme Court precedent, nor need it even be aware of the relevant case law, "so long as neither the reasoning nor the result of the state-court decision contradicts them." *Id.* An "unreasonable application of" clearly established federal law is one that is "objectively unreasonable, not merely wrong; even clear error will not suffice." *Woodall*, 134 S.Ct. at 1702 (internal quotation marks omitted). In order to obtain a writ of habeas corpus, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* (brackets omitted) (quoting *Harrington v. Richter*, 562 U.S. 86, 101 (2011)). Under the harmless error standard of review adopted by the Supreme Court, even if a reviewing court finds constitutional error, the challenged error must have caused "actual prejudice" or had "substantial and injurious effect or influence" in determining the jury's verdict

in order for the court to grant habeas relief. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted).

> If [the section 2254(d)] standard is difficult to meet, that is because it was meant to be. . . . It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents. It goes no further. Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal. As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*Richter*, 562 U.S. at 102-03 (citations omitted).

The petitioner bears the burden of showing that the state court decision is contrary to, or an unreasonable application of, clearly established precedent. *See Cullen v. Pinholster*, 563 U.S. 170, 181–82 (2011) (citing *Woodford*, U.S. 537 at 25). In conducting its habeas review, a federal court looks "to the last reasoned decision of the state court as the basis of the state court's judgment." *Merolillo v. Yates*, 663 F.3d 444, 453 (9th Cir. 2011) (citation omitted). "Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground." *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).

//

## 2.    Evidentiary Hearing

"[A]n evidentiary hearing is not required on issues that can be resolved by reference to the state court record." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (quoting *Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998)) (evidentiary hearing is not required where the petition raises solely questions of law or where the issues may be resolved on the basis of the state court record). Indeed, review is limited to the record that was before the state court. *Pinholster*, 563 U.S at 181-82 ("[R]eview under [28 U.S.C.] § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits."). Because federal habeas is "a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal," the types of errors redressable under § 2254(d) should be apparent from the record. *Ryan v. Gonzales*, 568 U.S. 57, 75 (2013) (quoting *Harrington v. Richter*, 562 U.S. 86, 102–03 (2011)). Here, Petitioner has not established the limited circumstances for entitlement to an evidentiary hearing pursuant to 28 U.S.C. § 2254(e)(2).

Accordingly, the Court rejects any suggestion for an evidentiary hearing.

## 3.    Exhaustion

The federal courts are not to grant a writ of habeas corpus brought by a person in state custody pursuant to a state court judgment unless "the applicant has

exhausted the remedies available in the courts of the State."  *Wooten v. Kirkland*,

540 F.3d 1019, 1023 (9th Cir. 2008) (citation omitted) (internal quotation marks

omitted).  This exhaustion requirement is "grounded in principles of comity" as it

gives states "the first opportunity to address and correct alleged violations of state

prisoner's federal rights."  *Wooten*, 540 F.3d at 1023 (quoting

*Coleman v. Thompson*, 501 U.S. 722, 731(1991)).

A claim must be fully and "fairly presented" to the state's highest court so as

to give the state courts a fair opportunity to apply federal law to the facts.

*Anderson v. Harless*, 459 U.S. 4, 6 (1982) (quoting *Picard v. Connor*, 404 U.S.

270, 276-78 (1971)).  The petitioner must present the claims to the state's highest

court even where such review is discretionary.  *O'Sullivan v. Boerckel*, 526 U.S.

838, 845-46 (1999).  Each claim must be presented to the state's highest court

based upon the same federal legal theory and the same factual basis as the claim is

subsequently asserted in federal court.  *Hudson v. Rushen*, 686 F.2d 826, 829-30

(9th Cir. 1982).

If the state courts are to be given the opportunity to correct alleged violations

of prisoners' federal rights, they must surely be alerted to the fact that the prisoners

are asserting claims under the United States Constitution.  *See Duncan v. Henry*,

513 U.S. 364, 365-366 (1995) (citing *Picard*, 404 U.S. at 275) (internal quotation

marks omitted).

Vague references to broad constitutional principles such as due process, equal protection and a fair trial do not satisfy the exhaustion requirement. *Gray v. Netherland*, 518 U.S. 152, 163 (1996); *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). A "claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." *Gray*, 518 U.S. at 162-63.

Here, the Court agrees with Respondent's contention that Petitioner has not fully and fairly presented claims 2, 5, 6, and 8 to the Washington Supreme Court, rendering those claims unexhausted within the meaning of 28 U.S.C. § 2254(c).

As to Petitioner's third claim, Petitioner did discuss the alleged plea bargains Margaret Shults received in exchange for her testimony against Petitioner in his motion for discretionary review to the Washington State Supreme Court on his direct appeal. In his motions for discretionary review, Petitioner seems to discuss these allegations in the context of Ms. Shults's witness credibility and his sufficiency of evidence claim regarding his first degree assault convictions. *See* ECF No. 13 at Exhibit 9; *id*. at Exhibit 17. However, in his petition for habeas corpus before this Court, Petitioner makes these claims in the context of prosecutorial misconduct. ECF No. 4 at 7. To the extent that Petitioner's allegations regarding witness testimony and credibility relate to his sufficiency of evidence claim on his assault convictions, that claim has been exhausted and will

be decided on the merits below.  However, to the extent that Petitioner's claim regarding Ms. Shults's alleged plea bargains relates to prosecutorial misconduct, Petitioner did not fully and fairly present the Washington Supreme Court with an opportunity to decide that claim.  Therefore, Petitioner's third claim as it relates to prosecutorial misconduct is unexhausted.

As previously referenced, Respondent concedes and the Court agrees that Petitioner's first claim regarding sufficiency of evidence has been exhausted.  The Court and parties agree that claims 4 and 7 have been exhausted as well.

### 4.    Mixed Petitions

Federal district courts may not adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims.  *Rhines v. Weber*, 544 U.S. 269, 273–274 (2005) (citing *Rose v. Lundy*, 455 U.S. 509 (1982)).  *Lundy* directed federal courts to dismiss mixed petitions without prejudice and allow petitioners to return to state court to present the unexhausted claims to that court in the first instance.  *Lundy*, 455 U.S. at 522.  Alternatively, Petitioners could dismiss their unexhausted claims and proceed solely on the exhausted claims.  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on the filing federal habeas petitions.  28 U.S.C. § 2244(d).  As a result of the interplay between AEDPA's new 1–year statute of limitations and *Lundy's* dismissal requirement, petitioners

who come to federal court with "mixed" petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims. *Rhines*, 544 U.S. at 274–275. Accordingly, courts adopted a "stay and abeyance" procedure where, rather than dismiss the mixed petition pursuant to *Lundy*, a district court might stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims. Once the state remedies are exhausted, the district court lifts the stay and allows the petition to proceed in federal court. *Rhines*, 544 U.S. at 275–276.

*Rhines* explained that a district court is only permitted to stay a mixed petition in "limited circumstances," when "(1) the petitioner has 'good cause' for his failure to exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics." *Wooten*, 540 F.3d at 1023 (quoting *Rhines*, 544 U.S. at 278).

Significant to the interplay between these procedures, the Supreme Court rejected the Ninth Circuit's prior requirement that federal district judges give *pro se* litigants two warnings concerning the interplay between *Lundy* and AEDPA's statute of limitations: first, that "it would not have the power to consider [a prisoner's] motions to stay the [mixed] petitions unless he opted to amend them and dismiss the then-unexhausted claims," and, second, if applicable, "that [a

prisoner's] federal claims would be time-barred, absent cause for equitable tolling, upon his return to federal court if he opted to dismiss the petitions 'without prejudice' and return to state court to exhaust all of his claims. *Pliler v. Ford*, 542 U.S. 225, 231 (2004) (citation omitted). *Pliler* held that federal district judges are not required to give *pro se* litigants these two warnings. District judges have no obligation to act as counsel or paralegal to *pro se* litigants. *Id.* Moreover, the Ninth Circuit has held that *Pliler* makes it clear that district courts are not even required to consider *sua sponte* the stay-and-abeyance procedure. *Robbins v. Carey*, 481 F.3d 1143, 1148 (9th Cir. 2007).

Pursuant to 28 U.S.C. § 2254(b)(2), "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." The Ninth Circuit has recognized that it is appropriate to deny an unexhausted claim on the merits under § 2254(b)(2) when it is perfectly clear that the applicant does not raise even a colorable federal claim. *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005); *Rhines* 544 U.S. at 277-78 (stay is inappropriate when the unexhausted claims are "plainly meritless," or where the petitioner has engaged in "abusive litigation tactics or intentional delay").

Here, it appears that Petitioner is now procedurally barred from returning to state court to exhaust his unexhausted claims. *See* Wash. Rev. Code

§ 10.73.090(1).  Notably, if Petitioner attempted to exhaust his remaining claims in state court and the state court properly dismissed his claims as time barred, this Court would not be able review the decision because the "the state court would base its decision on an independent and adequate ground…." *Casey v. Moore*, 386 F.3d 896, 920 (9th Cir. 2004) (finding Wash. Rev. Code §10.73.090 "provides an independent and adequate state ground to bar federal review.").  Thus, staying this case would be futile as it would not permit Petitioner to exhaust his remaining unexhausted claims in state court and have them reviewed by a federal court.

Also, the Court finds that Petitioner's unexhausted claims are plainly meritless under federal law.  For these reasons, claims 2, 3 (as it relates to prosecutorial misconduct), 5, 6, and 8 are dismissed.

### 5. Sufficiency of Evidence for Petitioner's First Degree Assault Convictions

Petitioner questions whether sufficient evidence existed at trial to convict him of ten counts of first degree assault under Wash. Rev. Code § 9A.36.011.  *See* ECF No. 4 at 5.  In considering a claim for sufficiency of evidence, the relevant question for a reviewing court to decide "is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (citation omitted).  When making its inquiry,

"[t]he reviewing court must respect the exclusive province of the fact finder to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts." *United States v. Hubbard*, 96 F.3d 1223, 1226 (9th Cir. 1996) (citing *United States v. Goode*, 814 F.2d 1353, 1355 (9th Cir. 1987)).

Here, as the Washington Court of Appeals noted on direct review: "Essentially, Mr. Sharkey argues that the trial court should have believed other non-inculpating evidence, but the trial court, exercising its fact-finding discretion, weighed all evidence against Mr. Sharkey." ECF No. 13, Exhibit 8 at 11.

The Court of Appeals further found:

> …the [trial] court found Ms. Shults' inculpatory testimony 'very credible, very believable,' and 'corroborated by the evidence and independent witnesses.' RP at 338; Clerk's Papers (CP) at 37. Similarly, the court found Mr. Dawson's exculpatory testimony 'not credible,' and found Mr. Sharkey's testimony 'corroborative' of his participation in the shooting. CP at 37; RP at 335, 338. The court noted the inconsistencies in the victims' testimonies were 'not surprising given the chaos and fear or confusion that would be expected.' RP at 332. We defer to the trial court's assessment of credibility and evidence weight. A rational trier of fact could, after viewing the evidence in the light most favorable to the state, find the essential elements of 10 counts of first degree assault beyond a reasonable doubt.

*Id.*, Exhibit 8 at 12 (brackets in original omitted).

In denying discretionary review of Petitioner's PRP, the Washington State Supreme Court also found that Petitioner's sufficiency of evidence claim to be

without merit, noting "… it is the essential role of the fact finder to choose whether to credit a witness's testimony, and the State provided sufficient evidence of guilt to justify discounting the defendant's witnesses and theories of the case." *Id.*, Exhibit 18 at 4.

Petitioner fails to show that that the state court adjudications in his case "resulted in a decision that was contrary to or involved an unreasonable application of clearly established Federal law," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence in the State court proceeding." 28 U.S.C. § 2254(d). He also fails to show actual prejudice. The state courts properly found that it is the province of the fact finder to credit testimony, and that a rational trier of fact could have found Petitioner guilty on the assault charges. Accordingly, this claim is denied.

### 6. Failure to Disclose Evidence by the Prosecution

Petitioner contends that the Prosecution withheld statements and interviews from the Defense. ECF No. 4 at 7. In a criminal case, the prosecution is only constitutionally required to disclose evidence "that is both favorable to the accused and 'material either to guilt or to punishment.'" *United States v. Bagley*, 473 U.S. 667, 674, (1985) (quoting *Brady v. Maryland*, 373 U.S. 83, 87 (1963)). A court should find that evidence is material "only if there is a reasonable probability that,

had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Id*. at 681.

Here, Petitioner avers that the Prosecution "withheld new statements & interviews from Defense[,]" and that in these interviews the victims stated "there was one shooter a white male the black male never approached or shot at them." ECF No. 4 at 7. Petitioner vaguely claims these interviews are "on file" but provides no evidence supporting their existence or that the Prosecution withheld them. *Id.* Regardless, if a claim has been "adjudicated on the merits in State court proceedings" review by this Court "under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Pinholster*, 563 U.S. at 181. The Supreme Court further explained:

> To determine whether a particular decision is "contrary to" then-established law, a federal court must consider whether the decision "applies a rule that contradicts [such] law" and how the decision "confronts [the] set of facts" that were before the state court. *Williams v. Taylor*, 529 U.S. 362, 405, 406, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (Terry Williams). If the state-court decision "identifies the correct governing legal principle" in existence at the time, a federal court must assess whether the decision "unreasonably applies that principle to the facts of the prisoner's case." *Id*., at 413, 120 S.Ct. 1495. It would be strange to ask federal courts to analyze whether a state court's adjudication resulted in a decision that unreasonably applied federal law to facts not before the state court.

*Id*. at 182-83.

In its order denying Petitioner's PRP, the Washington Court of Appeals noted "Mr. Sharkey does not present any evidence establishing his claims regarding the withholding of evidence or coercion of witnesses by detectives. Factual allegations in a PRP must have evidentiary support." ECF No. 13, Exhibit 16 at 6. In denying discretionary review, the Washington Supreme Court agreed with the Court of Appeals, finding Petitioner's claims that the Prosecution withheld evidence "lack[ed] factual support." *Id*., Exhibit 18 at 4.

The Court agrees that there is a lack of factual support in the record supporting Petitioner's claims that the Prosecution withheld material evidence. Petitioner has failed to show that the state courts' decisions were contrary to clearly established federal law, let alone that he was prejudiced. Accordingly, this claim is denied.

### 7. Ineffective Assistance of Counsel

Finally, Petitioner contends that his counsel at trial was constitutionally ineffective because he "did not present the evidence his investigators turned in to him that greatly benefited the defense of [Petitioner]...." ECF No. 4 at 8. In order to succeed on a constitutional claim for ineffective assistance of counsel, a defendant must "show that counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). A petitioner must show that "counsel made errors so serious that counsel was not

functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" and that this "deficient performance prejudiced the defense." *Id*. at 687.

When considering ineffective assistance of counsel claims, a court must be "highly deferential" to counsel's performance and the petitioner must overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and that counsel's conduct might be considered "sound trial strategy." *Id.* at 689. (quoting *Michel v. Louisiana* 350 U.S. 91, 101 (1955). Additionally, habeas courts must be deferential not only to the decisions of defense counsel, but also to the decisions of the state courts as required under 28 U.S.C. § 2254(d)(1). *See Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).

Plaintiff vaguely asserts that his counsel was constitutionally ineffective at trial by not presenting evidence which would have "greatly benefited" his defense. ECF No. 4 at 8. However, Plaintiff does not specify what this evidence was, let alone provide any proof of its existence. Nevertheless, this Court is again bound by the record relied upon by the state courts in rendering their decisions. *Pinholster*, 563 U.S. at 181.

In denying Petitioner's ineffective assistance of counsel claims, the Washington Court of Appeals noted "the record discloses that defense counsel was well aware of witness's prior inconsistent statement and aggressively cross-examined them to highlight such inconsistencies." ECF No. 13, Exhibit 16 at 8. In

denying Petitioner's motion for discretionary review, the Washington Supreme Court agreed with the Court of Appeals decision by finding counsel's decisions to be "a matter of trial strategy." *Id.*, Exhibit 18 at 5.

The Court finds nothing in the record and Petitioner has made no showing that his counsel's decisions at trial amounted to anything the less than sound trial strategy. Additionally, Petitioner has certainly not shown that any alleged deficiencies in his legal representation prejudiced him at trial, nor that the state court decisions were contrary to clear federal law. For these reasons, this claim is denied.

### 8. Certificate of Appealability

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A COA may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citation omitted).

Petitioner is not entitled to a COA because he has not demonstrated that jurists of reason could disagree with the Court's resolution of his constitutional claims or could conclude that any issue deserves encouragement to proceed.

**ACCORDINGLY, IT IS ORDERED:**

1.  Petitioner's Writ of Habeas Corpus, ECF No. 4, is **DENIED**.

2.  Any appeal taken by Petitioner of this matter would not be taken in good faith as he fails to make a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is denied.

    The District Court Executive is hereby directed to enter this Order and Judgment accordingly, furnish copies to the parties, and **CLOSE** the file.

    **DATED** October 2, 2017.



THOMAS O. RICE
Chief United States District Judge